PUGH, Respondent, v. DEXHEIMER, Appellant.

(185 N. W. 299.)

(File No. 4957.   Opinion filed November 22, 1921.)

**Evidence—Auction Sale, Purchase of Horse At, Returned to Auction Clerk—Conversation With Clerk Re Rescission of Sale, Whether Clerk Vendor's Agent.**

Where defendant purchased from plaintiff at auction sale a mare, not having paid purchase price, and the animal being returned next day when defendant, not finding vendor, talked with one who acted as clerk at the sale; held, that a conversation between defendant and said person, concerning the sale on the previous day was incompetent; such person not being vendor's agent at that time for purpose of a notice of rescission of the sale contract.

McCoy, J., not sitting.

Appeal from Circuit Court, Hanson County. Hon. Frank B. Smith, Judge.

Action by Oscar Pugh, against Carl P. Dexheimer, to recover price of plaintiff's mare sold to defendant at an auction sale. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*H. G. Giddings,* for Appellant.
*Spangler & Wire,* and *W. R. Danforth,* for Respondent.

GATES, J. Defendant bought a mare from plaintiff at auction sale, which he took home without having paid the purchase price. On the next day he took the mare to Spencer, but, not finding the vendor, he talked with the person who had acted as clerk of the sale. He then left the mare with the town marshal. This action was brought to recover the purchase price. Judgment for plaintiff. New trial denied. Defendant appeals.

Defendant was not permitted to relate the conversation he had with the person who had acted as clerk of the sale on the previous day. The principal assignments of error are based upon the theory that the person who acted as clerk of the sale thereby became the agent of the vendor for the purpose of notice of a rescission of the contract. We find no foundation in law for the theory, nor anything of fact in the record justifying it. The conversation that took place between them on the day after the sale and in the absence of plaintiff was plainly incompetent.

The judgment and order appealed from are affirmed.

McCOY, J., not sitting.